## JOHN FARMER v. FRANCIS M. FISK.

Art. 2522 of the Civil Code places the action *quanti minoris*, and that of redhibition, on the same footing; and a plaintiff in the former is bound to establish every fact necessary to support the latter. The purchaser may choose between the two remedies, and in a redhibitory action the judge may decree only a reduction of price.

Where the defects or vices of the thing sold are sufficient to entitle the purchser to a rescission of the sale, the vendor will be answerable, under his warranty, even where such defects or vices were unknown to him. His good faith may exempt him from damages, but not from the obligation to return the price. C. C. 2450, 2509.

Where the sale of a slave, made for cash, is rescinded, the defendant cannot claim to deduct the value of his services from the price. The interest of the purchase money may be considered equivalent to the services of the slave.

APPEAL from the Parish Court of New Orleans, *Maurian*, J. *Durant*, for the plaintiff,

*F. H. Upton*, for the appellant,

MORPHY, J. The petitioner seeks to annul the sale of a slave named Kitty, sold to him by the defendant, on the 14th of December, 1841, with a full warranty against all redhibitory vices and maladies. He alleges that, at the time of the sale, and before, she was an habitual runaway and drunkard, to the knowledge of the defendant; that he offered to the latter to return the slave to him, but that he refused to receive her, and to pay back the purchase money. He prays that the price ($600), be reimbursed to him, and that $300 be awarded to him as damages. The defendant pleaded the general issue, There was a verdict and judgment below in favor of the plaintiff for the amount of the purchase money, and for $100 damages, After vainly attempting to obtain a new trial, the defendant took the present appeal.

On the trial below, his counsel requested the judge to charge

the jury that the ignorance of the vendor of the vices of the thing sold, protects him against the redhibitory action, although he may be liable to the action *quanti minoris*; and that if the jury were satisfied that the defendant was ignorant of such vices, it was their duty to deduct from the price given by the plaintiff the fruits of the things sold, while the plaintiff had the possession of it, if they decreed a rescission of the sale. To the refusal of the judge so to instruct the jury, this bill of exceptions was taken. The judge did not err

Article 2522 of the Civil Code places the action *quanti minoris* and that of redhibition on the same ground, and a plaintiff in the former is bound to establish every fact which is necessary to support the latter. The purchaser has the choice between these two remedies, although the judge, in a redhibitory suit, may decree only a deduction of the price; but in granting the latter relief, instead of that prayed for, the judge must attend to the circumstances of each particular case, independently of the knowledge which the vendor may or may not have had of the existence of the defects complained of. If these defects are sufficient in law to entitle the purchaser to a rescission of the sale, the vendor is answerable under his warranty, even where such defects were unknown to him. His good faith may indeed free him from damages, but not from the obligation of returning the purchase money. Civil Code, arts. 2450 ,2509, 2522. Pothier, Vente, No. 232. 7 Mart. N. S. 556. 7 La., 309. As to the fruits of the thing sold, the sale was a cash one. If the purchaser, on the one hand, received the services of the slave, the vendor on the other, enjoyed the interest of the purchase money. The one may well be considered as an equivalent for the other. 2 Troplong, Vente, Nos. 571, 572.

On the merits, the record shows that the slave Kitty was a confirmed runaway, while she belonged to Proctor, defendant's vendor; that she had been away from her master for several years, when she was arrested, and put into the jail of the Second Municipality, in June, 1841; that she remained there until November following, and was then sold out of the jail to the defendant, through one Hite, a broker, for $350; and that the

jail fees were paid either by defendant, or by Hite. Proctor declares, that believing the latter was the purchaser, he informed him that this slave was a runaway, and that he sold her as such. It is true that Hite testified that he did not communicate these facts to the defendant, who, a month afterwards, sold the slave to the plaintiff for $600. The jury either gave no credit to this witness, or were of opinion that notice to the agent was constructive notice to the principal. The evidence, as it is, sustains, in our opinion, their verdict.

*Judgment affirmed.*