No.——

First Circuit

---

U. A. ROUSSEAU & CO., INC., v. DOLESE

---

(May 8, 1928. Opinion and Decree.)
(June 30, 1928. Rehearing Refused.)
(July 20, 1928. Application for Writs of Certiorari and Review Refused by Supreme Court.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sales—Par. 86.**
Where automobile was purchased and paid for but later the sale was rescinded by judgment of court, the seller cannot recover the rental value of the automobile while the purchaser had use of it.

Appeal from the Parish of Assumption. Hon. Sam A. LeBlanc, Judge.

Action by U. A. Rousseau & Co., Inc., against Eugene D. Dolese.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Charles T. Wortham, of Donaldsonville, attorney for plaintiff, appellant.

· George S. Guion, of New Orleans, attorney for defendant, appellee.

MOUTON, J.   Plaintiff alleges that on March 4, 1924, it sold to defendant a new up-to-date Chevrolet sedan automobile for $946.00, which amount was paid to petitioner by defendant; that defendant kept the auto and used it from the date of sale to the 5th of January, 1925, on which date defendant filed a suit in the District Court, Parish of Assumption, for the rescission of the sale, and for the recovery of the price he had paid for the auto; that on December 10, 1925, the District Court decreed the rescission of the sale, and rendered judgment in favor of defendant for the purchase price of the automobile, and that this judgment was affirmed by this Court; that thereupon plaintiff in compliance with the judgment took the auto back, and returned to defendant the purchase price of the auto which at that time had no defect, and was in thorough running condition.

Basing its claim on the foregoing allegations, plaintiff avers that defendant is liable for the rental value of the auto during a period of ten months, being the time defendant is alleged to have kept and used it.   Plaintiff fixes the rental value at $60.00 per month, and accordingly prays for recovery against defendant in the sum of $600.00 with interest from judicial demand.

The suit was dismissed on an exception of no cause of action filed by defendant. Plaintiff appeals.

In the contract of sale the seller must deliver the thing sold, and the buyer must pay the price.   C. C. 2475, 2549.   If the buyer fails to pay the price he must restore the property purchased to the vendor. This condition underlies all contracts of sale, and is a tacit alternative agreement, which by legal implication, is as binding on the purchaser as if it had been expressly stipulated.   If the property is restored by suit or amicably, there is no avoidance of the contract.   On the contrary, it is carried into effect in conformity to the implied obligation of the buyer to pay the price or to restore the thing purchased. In the case of George vs. Lewis, 11 La. Ann. 654, the Court took that view of the question in drawing the distinction which exists between a suit for the rescission of a contract and one for its dissolution under the resolutory condition, citing several French authorities in support of its conclusions.   Among the views given by these various commentators it may not be inappropriate to cite Marcade, who, in his usual clear-cut, vigorous style, says: "La demande en résolution n'est pas precisement une action en rescission du contract. Dan cette demande, en effet, on n'attaque pas la convention, on l'invoque au contraire, et on demande l'execution de la clause expresse ou sous-entendue qui y est insérrée ou reputée inserée."   It is clear from the reasoning of this noted author that the contract is not attacked but is invoked for its enforcement or execution. When a contract is dissolved under the resolutory condition a restitutio integrum must be made.   In such a case the vendor returns the price paid, and the vendee returns the thing with its revenues.

Counsel for plaintiff wishes to assimilate a contract voided for redhibitory defects in the thing sold, to one which has been dissolved under the resolutory condition. In the contract of sale which has been dissolved because of the failure of the vendee to pay the price, he is as before stated, accountable for the revenue of the thing while in his possession.   Counsel for plaintiff contends that the vendee, when

the contract has been voided for redhibitory defects, is responsible for the rental value of the thing while in his possession. It is on this ground that plaintiff bases its claim for the rental of the auto it is alleged plaintiff company had to receive from defendant under the judgment of this Court. In his brief, counsel for plaintiff, says:

"If a redhibitory action could be maintained only where the article sold was entirely incapable of use, the exception of no cause of action would have to be maintained, but contend it is otherwise, because Article 2520 C. C. allows this form of action also when the use of the article sold is so inconvenient and imperfect that it must be supposed the buyer would not have purchased it had he known of the vice."

This being the case here, the contention is, that defendant is liable for $600.00, the alleged rental value of the automobile while in his possession. The very article of the Code on which plaintiff relies, says:

"Redhibition is the avoidance of a sale on account of some vice or defect, etc."

. In seeking the avoidance of such a contract it cannot possibly be said that its execution or enforcement is sought or asked. It is the very opposite of a demand for the dissolution of a commutative contract under the resolutory condition, as in such a suit, as hereinabove explained, the contract is not attacked, but its execution is demanded to carry out the obligations of the parties thereunder. In support of their contention that plaintiff is entitled to the rental value claimed, counsel in his brief says:

"One man cannot enrich himself at the expense of another, and that when one man uses another man's property under circumstances which negative the idea that such use was to be free of charge, the one party can recover such rental value in a suit on a quantum meruit."

This being a contract of sale, it is obvious that under its terms, defendant was to be the owner of the thing sold and plaintiff of the money which defendant had paid him for it. The possession of defendant was as owner, and the use of the auto was as such. His possession as owner makes it evident that his use was to be free of charge to the plaintiff. It is inconceivable that defendant could have thought for a moment that he would be charged rent for the use of an auto he had paid for in good faith and that he was using as proprietor. As to the principle of equity quoted by plaintiff, to the effect that no one should be permitted to enrich himself at the expense of another, it has no application here as defendant had possession of the auto, and plaintiff had the use of the money which defendant had handed over to him as the price therefor. This brings us to the consideration of the case of Farmer vs. Fisk, 11 Rob. 351, where the question involved here was directly passed upon. In that case the Court said:

"When the sale of a slave, made for cash, is rescinded, the defendant cannot claim to deduct the value of his services from the price. The interest of the purchase money may be considered equivalent to the services of the slave."

In this case it must be observed plaintiff alleges that he was paid the price for the auto, which was therefore a cash sale.

If in the case cited it was found that the interest of the money which the vendor had, was considered an equivalent to the services of the slave the vendee had enjoyed, it must likewise by the same process of reasoning be held in this case, that the interest of the purchase money paid plaintiff, was an equivalent to the use defendant had of the auto. In the above cited case the Court refers to 2 Troplong, Vente, Nos. 571, 572. In the same volume No. 575, this commentator says:

"Quand il n'y a pas mauvaise foi, le vendeur reprend la chose en l'etat ou elle se trouve, et l'acheteur recouvre son argent san dommage et interests."

Where there is no bad faith in the transaction, this author says, the vendor takes the thing back in the condition in which it is, and the buyer recovers his money without damages and interest. There is no bad faith alleged or charged here, and we are of the opinion that plaintiff was entitled to the return of the auto, but has no cause of action for the amount claimed by him as rental for its use by defendant.

It is possible and we believe there is a divergence of views among French Commentators on this subject, but we shall abide with the conclusions of Troplong, as they have been adopted by our Court in Thompson vs. Myene, 11 Rob. 351.

The judgment maintaining the exception of no cause of action is therefore affirmed with costs.