SAMUEL, Judge.
Plaintiffs purchased from the defendant certain immovable property in the City of New Orleans, consisting of two lots of ground arid a newly constructed “double” house bearing the municipal numbers 4654— 56 Dale Street, for a cash consideration of $10,000. They instituted this suit against their vendor for rescission of the sale because of redhibitory vices and defects. Defendant has taken this devolutive appeal from a judgment decreeing the rescission and nullity of the sale and awarditig plaintiffs the sum of $10,000, the purchase price,, with legal interest from judicial demand until paid.
During the pendency of the appeal, as a result of the issuance of a writ of fieri facias, defendant paid the plaintiffs the full amount of the judgment, with interest, and took back the property. The defendant now limits his appeal to a claim for the excess of rents collected by the plaintiffs, during the time they had possession of the premises, over plaintiffs’ expenses occasioned by the sale and those incurred by plaintiffs in the preservation of the property. Alternatively, appellant prays for a refund of the interest paid by him. He makes no claim for rent for plaintiffs’ occupancy of the premises.
The house was built by the defendant, who is in the construction business. After its completion plaintiffs purchased the property and moved into one side of the double house two weeks later. Approximately four months after plaintiffs began their occupancy cracks began to appear in the walls of the building and continued tO' get progressively worse. These cracks, some of which were sufficiently large as to be described as “daylight” cracks, were caused by an uneven settlement of the concrete slab upon which the building was constructed. Plaintiffs continued to occupy the premises and were occupying the same at the time of trial. They have lived in the house approximately two years and on some occasions during that time have collected rent for the other side of the house at the rate of $60 and later $55 per month. The record does not reveal the total amount of rent collected. The record does show that the slab foundation was a normal and customary type of foundation for this kind of dwelling and that it compared favorably *249 with other such foundations in the area. We are satisfied from the record, and plaintiffs have not alleged or attempted to prove otherwise, that the defendant was in good faith and did not know of the vice.
The question we are called upon to decide is this: Where a sale has been rescinded because of redhibition and the vendor, who did not know of the vice, has restored the price, is the purchaser obligated to pay to the vendor the amount by which the fruits of the thing sold, which fruits were received by the purchaser following the sale, exceed the purchaser’s expenses of the sale and those incurred by him for the preservation of the thing?
The applicable law is to be found in Civil ■Code Article 2531, which reads as follows:
“The seller who knew not the vices ■of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation ■of the thing, unless the fruits, which the purchaser has drawn from it, be ■sufficient to satisfy those expenses.” .LSA-C.C. Art. 2531.
Two pertinent cases in our jurisprudence are Farmer v. Fisk, 9 Rob. 351, handed down by the Supreme Court in 1844, and Rousseau & Co., Inc. v. Dolese, 8 La.App. 785 (1928). Farmer, which involved the cash sale of a slave rescinded for redhibition, held that the vendor could not deduct the value of the slave’s services from the price. Rousseau, involving the cash sale of an automobile rescinded for redhibition, held that the vendor could not recover from the purchaser the rental value of the automobile during the time the latter kept and used the car. Both decisions are based on the same rationale — the interest on the purchase money paid to and held by the vendor was considered an equivalent of the slave’s services in Farmer and of the use of the automobile in Rousseau.
Rousseau discusses the distinction between rescission and dissolution of a contract. In the latter the vendor returns the price paid and the vendee returns the thing with its revenues. This distinction is succinctly set out in a comment, The Nature of the Redhibitory Action, 4 Tul.L.Rev. 627, 628:
“Suppose that the vendee after seven months sues and rescinds the sale due to a redhibitory vice in the thing sold, is successful in the suit and that the thing was used during the interval between the time of the sale and the bringing of the suit. Can the vendor in a later action recover for this use? The question is answered in the negative both in Louisiana, and by Trop-long. The theory behind the rule is the distinction between the resolution and rescission of a sale as was brought out in Part 1 [4 Tulane L.Rev. 433] of this comment. In the case of the resolution of the sale, the vendee has to pay for the use of the thing from the time of the sale until its resolution, due to the fact that the resolution of the contract is enforcing the contract which is deemed to be valid from the date of the contract until the resolution. Whereas, in the case of rescission, the vice taints the sale ab initioj and hence there is no enforcement of an obligation, but as a matter of fact it is annulling the contract. Therefore, the vendor cannot collect for the use of the thing — there being no obligation.”
We do not have before us the narrow question involved in Farmer and Rousseau, i. e., whether the purchaser is obligated to pay the vendor for the former’s personal use of the property following the sale which has been rescinded. Here the vendor does not seek a recovery for the purchasers’ occupancy of the premises; he seeks only the fruits, i. e., the revenues, received by the purchasers from the rental of that portion of the property not occupied by them. The rule relative to equivalents has no application in the instant case. And it occurs to us that if the vendor in a sale rescinded for redhibition has no right *250 to the fruits of the thing, there would have been no need to apply the rule of equivalents in either Farmer or Rousseau.
The quoted Civil Code Article 2531 provides that the seller must reimburse the expenses of the sale, and of the preservation of the thing, “ * * * unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses.” As suggested on page 639 of the cited comment, the codal article does infer that the vendor has a right to that portion of the fruits which exceed the expenses. If he had no such right to those fruits, why should they be used to satisfy the expenses the vendor owes the purchaser? In addition, under our jurisprudence it is clear that in the case of the rescission of a sale for redhibition the contract is tainted ab initio by the vice, which destroys the existence of the contract from its beginning, and the parties must be returned to the status quo at the time of the purchase, i. e., they must be placed in the same positions they were in before the sale as nearly as is possible under the circumstances. See Pursell v. Kelly, 244 La. 323, 152 So.2d 36; Tucker v. Central Motors, 220 La. 510, 57 So.2d 40; Savoie v. Snell, 213 La. 823, 35 So.2d 745; Port Finance Company v. Campbell, La.App., 94 So.2d 891; Kings Truck & Body Works v. Barrett (On Rehearing), La.App., 39 So.2d 601, 603.
We are of the opinion that to return the parties to the same positions they occupied before the sale, as nearly as is possible under the circumstances, requires in the instant case that the plaintiffs-purchasers pay to the defendant-vendor the amount, if any, by which the fruits received by the purchasers, in the form of rent paid for use of the premises here involved, exceed the purchasers’ expenses of the sale and those incurred by the purchasers for the preservation of the property.
For the reasons assigned, it is ordered that the judgment appealed from be amended so as to order the plaintiffs-purchasers to pay to the defendant-vendor the amount, if ¿my, by which the fruits received by said purchasers, in the form of rent paid for use of the premises here involved, exceed the purchasers’ expenses of the sale and those incurred by the purchasers for the preservation of the property. It is further ordered that this matter be remanded to the Civil District Court for the Parish of Orleans, for a determination of the rent received and the expenses paid and incurred by the purchasers, in conformity with the views expressed herein and in accordance with law. As thus amended, and in all other respects, the judgment appealed from is affirmed. Costs of this appeal to be borne by the appellees; all future costs to await a final determination.
Amended, remanded and affirmed.
CHASEZ, T., concurs.