350 So.2d 988 (1977)
Percy M. ALEXANDER, Jr., Receiver, et al., Plaintiffs-Appellants,
v.
BURROUGHS CORPORATION, Defendant-Appellee.
No. 13345.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
Rehearing Denied October 31, 1977.
*990 Nelson & Achee, Ltd. by Harry R. Nelson, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley by Richard H. Switzer, Shreveport, for defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
En Banc. Rehearing Denied October 31, 1977.
JONES, Judge.
Percy M. Alexander, Receiver for Peerless Supply Company, Inc., sought to rescind the sale of a defective accounting computer purchased from the manufacturer, Burroughs Corporation. General Electric Credit Corporation, holder of a chattel mortgage on the computer, joined in the suit as a party plaintiff. The trial court found the machine subject to a redhibitory vice, rescinded the sale and cancelled the chattel mortgage, but denied plaintiffs' demands for the purchase price and expenses on the theory the claims for these sums were offset by Peerless's use of the computer. Peerless's demands for attorneys' fees and damages were rejected.
Plaintiffs appeal, seeking to affirm the portion of the judgment rescinding the sale and to reverse the rejection of their demands for the purchase price, expenses, attorneys' fees and damages. Defendant answers, seeking a reversal of the rescission of the sale on the ground of prescription and on the further ground of plaintiffs' failure to prove the computer defective.
We affirm the rescission of the sale and reverse the trial court's rejection of plaintiffs' other demands and award plaintiffs the purchase price, expenses, attorneys' fees and damages.
Peerless purchased the computer in December, 1970 and it was delivered April 24, 1971. Prior to and after delivery the machine frequently malfunctioned. Peerless's employees testified some of the computer malfunctions included "finding the wrong line and stacking over figures which caused a double print", and "picking up one employee's name from its memory from a prior card and printing it on the next fellow's check." Because of these problems plaintiffs' *991 employees frequently were required to write the payroll by hand and revise accounts receivable. On October 28 Peerless wrote defendant demanding satisfactory repair of the computer within 30 days and use of one of defendant's employees to post accounts receivable which were not current because of numerous computer malfunctions. This letter stated:
"If the computer is not working to our satisfaction within 30 days from November 1, you will pick up the machine and refund to us and General Electric Corporation the full purchase price of said machine."
During November the defendant replaced the memory bank (or "the brain") of the computer and caused Peerless to effectively ground (rewire) its building. Defendant assigned an employee to work with Peerless for 30 days to complete programs, correct defects and assist Peerless's employees in updating accounting records. For several months following this extensive repair the computer malfunctioned less frequently. However, it eventually returned to the former pattern of serious incorrect operation.
In March, 1972, Burroughs ceased repair efforts on the computer under their warranty and thereafter made standard charges to Peerless for parts and services. The record reflects defendant made service calls on the following dates: March 23, 28, and 31; April 24 and 27; May 1, 3, 5, 11, 15, 24 and 31, and rendered total charges of $666.93.
Between March and May, 1972 the computer malfunctions included failure to pick up correct name and address on accounts, printing debits instead of credits, computing incorrect balances, poor printer readout, and advancing the balance of one customer's account to the next customer's account. In an attempt to maintain accounting efficiency, Peerless's employees were required to check the computer by using other accounting methods and manually update accounts. This required Peerless's employees to work overtime.
The receiver, who was appointed to represent Peerless in Chapter XI reorganization under the Bankruptcy Act, testified because of the computer's malfunctioning Peerless was unable to post its accounts and send out statements to its customers for collection. For these reasons, by letter dated June 29, 1972, the receiver demanded rescission of the sale. Suit was filed October 25, 1972.
The following issues are presented on appeal: (1) had Peerless's action in redhibition prescribed? (2) did Peerless's continued use of the computer waive the right to redhibition? (3) did Peerless prove the computer to be subject to a redhibitory vice? (4) should Peerless's use of the computer offset its claim for purchase price and expenses, and (5) is Peerless entitled to damages and attorneys' fees against the vendor-manufacturer?

DEFENDANT'S PLEA OF PRESCRIPTION
Defendant filed a plea of prescription based upon LSA-C.C. Arts. 2498, and 2534 which require an action in redhibition be filed within one year from the sale. The trial court rejected the plea of prescription and defendant urges same on appeal. Purchase of the Burroughs computer was completed December, 1970, and delivery of the computer to Peerless's place of business occurred April 24, 1971. Plaintiffs' suit was filed October 25, 1972, more than one year from sale and delivery of the unit. Repairs were commenced on the computer at Burroughs' place of business prior to delivery and continued until May, 1972, including replacement of the memory bank, a substantial repair, in November, 1971.
Prescription does not begin to accrue until the seller has abandoned all attempts to repair the defect. Schamens v. Crow, 326 So.2d 621 (La.App., 2d Cir. 1976). The trial court was correct in denying defendant's plea of prescription because extensive repairs were made on the machine within less than one year of institution of suit.

PLAINTIFFS' RIGHT TO RESCIND THE SALE
Defendant urges Peerless waived the right to pursue redhibition by continuing *992 to use the machine for a period from April, 1971 to June, 1972. Use does not constitute waiver of the buyer's right to rescission where use occurs while the seller is undertaking repairs and thus leading the buyer to believe the defects can be corrected. Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App., 1st Cir. 1976) and Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App., 1st Cir. 1973). Defendant responded to every call of Peerless for help with the computer and upon receipt by Burroughs of Peerless's demand letter of October 28, Warren Williams, Burroughs' local manager, advised Peerless the defects in the machine would be remedied. Peerless did not waive its right to rescind the sale by continuing to use the machine as it had been led to believe the malfunctioning would be corrected.

PROOF OF REDHIBITORY DEFECT
The seller is bound by an implied warranty that the thing sold is free of hidden defects and reasonably fit for the product's intended use. LSA-C.C. Arts. 2475, 2476, 2520; Rey v. Cuccia, 298 So.2d 840 (La.1974). A redhibitory defect entitling the buyer to annul the sale is a defect in a thing sold "which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." LSA-C.C. Art. 2520; Smith v. Max Thieme Chevrolet Company, Inc., 315 So.2d 82 (La.App., 2d Cir. 1975).
Burroughs contends on appeal plaintiffs failed to establish by a preponderance of the evidence the computer was defective. The vendee need not in a sale of complicated machinery prove the exact cause of the defect which renders the thing unsatisfactory for use in order to establish redhibition, but a showing by a preponderance of evidence that a defect existed is sufficient. Crawford v. Abbott Automobile Company, 157 La. 59, 101 So. 871 (1924); Peters v. Pattison Pontiac Company, 259 So.2d 99 (La.App., 4th Cir. 1972); Kennedy v. Vidalia Home Service, Inc., 256 So.2d 827 (La. App., 3d Cir. 1972).
The evidence established numerous malfunctions of the computer which impaired its effective use and required many service calls by the Burroughs people. While this evidence does not establish the exact nature of the vice of the complex computer, it establishes performance was so imperfect and caused such inconvenience that Peerless would not have purchased the computer had it been aware of the defects. The trial judge evaluated the evidence on redhibition and set the sale aside and his decision in this respect is entitled to great weight on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find the record supports the finding Peerless has satisfied the burden of proof required in a redhibitory action.

PLAINTIFFS' RIGHT TO PURCHASE PRICE, EXPENSES, ATTORNEYS' FEES AND DAMAGES
In a redhibitory action a buyer is entitled to recover the purchase price and expenses from a seller who has no knowledge of the defect. LSA-C.C. Art. 2531.
The buyer is also entitled to recover expenses, attorneys' fees and damages if the seller knows of the defect and fails to declare it. LSA-C.C. Art. 2545.
A manufacturer is presumed to know the defects in the things made by him, and consequently is liable under LSA-C.C. Art. 2545 for damages and attorneys' fees in addition to the price and expenses in connection with the sale. LSA-C.C. Art. 2531. Media Production Consultants, Inc. v. Mercedes-Benz of N. A., Inc., 262 La. 80, 262 So.2d 377 (1972); Rey v. Cuccia, supra; Smith v. Max Thieme Chevrolet Company, Inc., supra.
The defendant manufactured the defective computer sold to Peerless and was therefore liable for the return of the purchase price, expenses, attorneys' fees and damages.

OFFSET OF VALUE OF USE OF COMPUTER AGAINST PURCHASE PRICE
A seller is entitled to a credit against the claims of a buyer of a defective *993 article for the value of the use the buyer has received from the defective article. Smith v. Max Thieme Chevrolet Company, Inc., supra. The seller has the burden of proving the value of the use of the defective article to the buyer in order to assert the value of the use as a credit against the sums to which the buyer is entitled. Burroughs failed to meet this burden of proof and the trial court erred in denying plaintiffs' claims by offsetting the use of the computer against them. Boudreaux v. Mazda Motors of America, Inc., 347 So.2d 504 (La.App., 4th Cir. 1977).
There being no evidence in the record of the value to Peerless of the use of the computer, we follow the rule that use of the thing and use of the price are equal, and deny Burroughs any additional offset claim against Peerless for use of the computer. Farmer v. Fisk, 9 Rob. 351 (La. 1844); Harvey v. Kendall, 2 La.Ann. 748 (La.1847); Boudreaux v. Mazda Motors of America, Inc., supra. Peerless is not entitled to recover finance charges from Burroughs as these constitute charges for use of a portion of the purchase price and we have held Burroughs entitled to interest free use of the purchase price as an equivalent to Peerless's use of the computer. Boudreaux v. Mazda Motors of America, Inc., supra.
Plaintiffs are entitled to interest on the purchase price from March 8, 1977, the date of the trial court judgment ordering rescission. Peerless still has possession of the computer and theoretically it has been available for use, although the record reflects Peerless discontinued use of the computer in June, 1972. Therefore, as a practical matter, Burroughs has enjoyed interest-free use of the purchase price for a period over five years in exchange for Peerless's use of the computer for approximately 13 months. Should Peerless's use of the computer have a value in excess of the value Burroughs received from use of the purchase price, the damages suffered by Peerless as a result of the inefficiency of its business operations (i. e., late and inaccurate customer billing, overtime pay to accounting personnel) brought about by computer malfunction more than offset any additional use value it may have received from the machine above that which we have allowed Burroughs.
The purchase price of the computer and related expenses of the sale to which plaintiffs are entitled are as follows:

 $22,132.68 Purchase Price
 $ 1,065.90 Programming

The only damage Peerless has established is the sum of $666.93 expended for repair of the computer.
Considering the complexity of the facts and legal issues involved in this litigation, we find attorneys' fees in the amount of $5,000 are reasonable for services rendered by Peerless's attorneys.
The defendant is to pay court costs below and on appeal.
For reasons assigned, the judgment is recast to read as follows:
It is ordered there be judgment in favor of Percy M. Alexander, Jr., Receiver for Peerless Supply Company, Inc. and General Electric Credit Corporation and against Burroughs Corporation rescinding the sale of that certain Burroughs E 4394 Electronic accounting machine, bearing serial number E 15435.
It is further ordered that the chattel mortgage on the Burroughs E 4394 Electronic accounting machine in favor of General Electric Credit Corporation recorded May 12, 1971 as Register Number 411,973, Chattel Mortgage Records, Caddo Parish, Louisiana, be cancelled.
It is further ordered there be judgment in favor of Percy M. Alexander, Jr., Receiver for Peerless Supply Company, Inc., and General Electric Credit Corporation for the purchase price in the sum of $22,132.68 at 7% interest per annum from March 8, 1977, which said amount shall be prorated as follows: $17,955.05 with interest to General Electric Credit Corporation (this being the unpaid balance on the chattel mortgage note) and $4,177.63 with interest to Percy M. Alexander, Jr., Receiver.
*994 It is further ordered that there be judgment in favor of Percy M. Alexander, Jr., Receiver for Peerless Supply Company, Inc., and against Burroughs Corporation for programming and repair expenses in the sum of $1,732.83 at 7% interest per annum from March 8, 1977.
It is further ordered that there be judgment in favor of Percy M. Alexander, Jr., Receiver for Peerless Supply Company, Inc., and against Burroughs Corporation for attorneys' fees in the sum of $5,000 at 7% interest per annum from March 8, 1977.
It is further ordered that Burroughs Corporation pay all court costs.
Reversed in part, affirmed in part and rendered.