CHASEZ, Judge.
This case is before this court for the sole determination of damages to be as *687 sessed. The merits of the case were previously before this court and the Supreme Court for the State of Louisiana. For a history of the case and the facts relative to this opinion see Media Production Consultants, Inc. v. Mercedes-Benz of No. Am., 247 So.2d 266 (La.App., 4th Cir., 1971), reversed 262 La. —, 262 So.2d 377 (1972).
The Supreme Court, after determining Mercedes-Benz of North America (MBDA) liable for a defective automobile under the legal precept of implied warranty without privity, remanded this case to us for the fixing of the amount of the award, citing Felt v. Price, 240 La. 966, 126 So.2d 330 (1961).
Pursuant to the remand of the record Media Production Consultants, Inc. (MEDIA) filed in this court an application to render the appropriate judgment. In response MBDA filed a motion to remand the case to the trial court for the taking of further testimony and evidence relative to the amount of damage MBDA should be held liable for.
MBDA’s motion is based on two contentions. The first is that credit should be given for depreciation of the vehicle; and the second is based on defendant’s assertion that since they sold the subject automobile for $4661.00 to Cookie’s Auto Sales, Inc., its liability should be limited to this sum. We find no merit in either contention.
The damages suffered by MEDIA is not the sale price MBDA sold the car for, but rather the price MEDIA paid for the automobile after the vehicle had passed through the dispersal agent to the dealer from whom the car was purchased.
Defendant contends that the allowance for depreciation should be given for two specific periods; the time periods reflective of depreciation of the vehicle include the time from sale of the car to the date of the trial, and the period of time passing since the trial. We are convinced that depreciation from the date of the trial to the present is not properly before this court since we are only concerned with the record and evidence contained therein that was appealed to this court. To remand on this basis would in effect grant defendant a new trial and, in our opinion, merely prolong the inevitable.
Additionally, evidence relating to the depreciation of the automobile with respect to the period of time before trial could have been received and should have been offered at the original trial on the merits in the lower court. Moreover, considering the fact that the vehicle was faulty from its inception, we are of the opinion that allowance for any depreciation is untenable and therefore credit for same is denied.
The judgment of the District Court in awarding damages was for the sum of $7,-750.60, together with legal interest thereon from judicial demand against Cookie’s Auto Sales, Inc. This sum represents the purchase price of the automobile, $6,572.-36; finance charges of $1,163.24; and “official fees” of $15.00.
We find no manifest error in the award of $7,750.60 as previously determined by the lower court. See Cain v. Rapides Dodge, Inc., 207 So.2d 918 (La.App.3d Cir., 1968), writ refused, 252 La. 163, 210 So.2d 51 (1968) which allows recovery for expenses occasioned by the sale.
As to this Court’s finding of the amount of the award against MBDA, we reassert our original determination “that the portion of the lower court’s judgment finding the vehicle to be so defective as to warrant the recision of the sale is manifestly correct and we affirm it accordingly”, Media Production Consultants, Inc. v. Mercedes-Benz of No. Am., supra.
Additionally, we note the following language utilized by the Supreme Court in the opinion which remanded this case:
“We hold, therefore, that Mercedes-Benz of North America, Inc, is solidari *688 ly liable with Cookie’s Auto Sales, Inc. for the price of the automobile and other allowable expenses.”
We are thus bound by this ruling of the Supreme Court. For the foregoing reasons it is ordered that there be judgment in favor of Media Production Consultants, Inc. and against Mercedes-Benz of North America, Inc. and Cookie’s Auto Sales, Inc. in solido, in the full sum of $7,750.60, with legal interest thereon from date of judicial demand until paid. Mercedes-Benz of North America, Inc.’s motion to remand is denied and dismissed. All costs are to be paid by Mercedes-Benz of North America, Inc.
Judgment rendered in accordance with the decree of the Supreme Court.