339 So.2d 403 (1976)
John W. PURVIS and Mildred Purvis
v.
STATEWIDE TRAILER SALES, INC.
No. 10854.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Rehearing Denied November 15, 1976.
*405 Kenneth W. Ford, Morgan City, for plaintiffs and appellants.
Elton A. Darsey, Houma, for defendant and appellee.
Jack C. Fruge, Ville Platte, for Macon Industries, Inc., third party defendant and appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiffs John W. and Mildred Purvis (Appellants) appeal from judgment, which rescinded their purchase of a mobile home from defendant Statewide Trailer Sales, Inc. (Appellee) because of redhibitory defects, but which denied Appellants' claims for legal interest, reimbursement of finance charges and damages for mental anguish, discomfort and inconvenience. Appellee has answered the appeal seeking reversal of the order of rescission and, alternatively, credit for Appellants' use of the trailer. We affirm in part and reverse in part.
On September 25, 1972, Appellants purchased from Appellee a 1972 Summit Mobile Home. In consideration Appellants paid $100.00 cash, traded in a used trailer home for which credit of $1,150.00 was given and executed their promissory note for the remaining principal amount of $9,679.50, which included transfer fees, filing fees and insurance, together with a finance charge of $7,258.50, aggregating $16,938.00. The note, secured by chattel mortgage and vendor's lien on the trailer, was payable in 120 monthly installments of $141.15. Appellee negotiated the note to National American Bank, New Orleans, who became and remained its holder in due course. When this matter was tried on February 19, 1975, all payments on the note were current.
*406 The record contains seriously contradictory testimony regarding the type of trailer Appellants agreed to purchase. Appellants produced a copy of a purchase agreement dated September 25, 1975, bearing Number 002859, in the sum of $12,276.50 and listing a washer, dryer and central air conditioning as optional equipment. Appellants testified, however, that several days after the above purchase order was signed, they voluntarily signed another order on the representation of Appellee's salesman that a $500.00 error, adverse to Appellee, had been made in quoting the price of the trailer involved. Appellants acknowledged signing a second instrument, entitled Sale and Chattel Mortgage, which listed no optional equipment and recited a total price of $10,829.50. Conversely, Appellee introduced in evidence Purchase Order Number 003965, also dated September 25, 1975, listing the same figures and amounts as the second instrument signed by Appellants, which instrument bears signatures purporting to be those of Appellants. However, Appellants deny having signed this particular document.
Within a few hours of Appellants' occupancy of the trailer, after it had been set up by Appellee at a site which Appellants designated, Appellants began to experience grave defects in their new home. The trailer, a three bedroom, two bath mobile home, was occupied by Appellants and their three children. When Mrs. Purvis first entered the trailer after returning from work she discovered that the oven was inoperable and could not be used to prepare the night meal. Shortly thereafter, she found that the electrical outlets on one entire side of the trailer were defective to the extent that neither the lights or any appliances on that side could be used. Further use of the trailer home showed a leak beneath the kitchen sink and also beneath the toilet in one of the bathrooms. Within a few days a short in the electrical system caused a fire which resulted in considerable smoke damage to the trailer and its contents. Several leaks were found in gas supply line to one of the two water heaters in the trailer. During rainy weather it developed that the trailer leaked extensively where the walls joined the roof and also around the windows because of improper sealing. As a result rainwater caused considerable damage to the carpeting, flooring and paneling inside the trailer. Water damage from the leaking toilet progressed to the point that the water heater fell through the floor and was damaged such that Appellants had to replace it. Because of the defective wiring and the fear of an electrical fire, Mrs. Purvis would turn off the refrigerator when leaving for work each morning because the trailer was vacant until the afternoon. She removed her food to another refrigerator situated in a shed on the premises. On returning from work she brought the food back into the trailer and turned on the refrigerator.
Appellants brought this action on August 15, 1973, approximately 11 months after the purchase. Appellee, a distributor, third-partied the manufacturer, Macon Industries, Inc. The trial court rendered judgment: (1) Rescinding the sale; (2) Ordering Appellants to deliver the trailer to Appellee; (3) Directing Appellee to return the $10,088.00 purchase price to Appellants; and (4) Granting Appellee's demand against the manufacturer, a then bankrupt corporation.
On appeal, Appellants complain of the rejection of their demands for interest, the amount of finance charges for which Appellants are liable on the purchase money note now held by a holder in due course and for damages for their inconvenience and discomfort. Appellee challenges the correctness of the judgment ordering rescission. Alternatively, Appellee contends it is a seller in good faith, which limits Appellants' recovery, and also claims credit for the rental value of the trailer during Appellants' use thereof. A buyer's right of redhibition against a good faith seller is governed by La.Civ.Code Articles 2520 and 2531, which provide:
"Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so *407 inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
"Art. 2531. The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it."
To prevail in an action for redhibition, a purchaser must establish: (1) that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient that it must be supposed he would not have made the purchase had he known of the defects; (2) that the defects existed at the time of purchase but were neither known nor apparent to him; and (3) that the seller could not or would not correct the defects when given an opportunity to do so. La.Civ.Code Articles 2520, 2521, 2522, 2530 and 2531.
The record establishes beyond doubt that the trailer was sufficiently defective to entitle Appellants to rescission of the sale. The defects, not apparent at the time of purchase, became manifest immediately upon Appellants' occupancy of the trailer home. It is equally clear from the record that the defects existed prior to the sale and were of such nature and extent that no reasonable individual would have purchased the unit with knowledge of its condition. Additionally, the defects were not known to Appellants beforehand and were not of such nature as to be apparent or discoverable on simple inspection.
Appellants occupied the trailer continuously since its purchase on September 25, 1972. When Mrs. Purvis attempted to use the mobile home for the first time, she found the oven inoperable and the lighting system out on one side. She immediately contacted Appellee's salesman, Allemand, who informed her the matters would be corrected. As the other defects materialized, Appellee was informed. Some repairs were attempted by Appellee, which led Appellants to believe all of the problems would be rectified. When the leakage and electrical problems were not corrected by Appellee, Appellants made the required repairs at Appellants' expense. On July 18, 1973, Appellants formally tendered the trailer to Appellee, after having twice notified Appellee rescission would be sought if the defects were not corrected.
Appellee's contention that Appellants waived their right to rescission by continued use of the trailer, is without merit. Our jurisprudence is well settled to the effect that use prior to tender, does not constitute waiver of the buyer's right to rescission, where such use occurs while the seller is undertaking repairs and thus leading the buyer to believe that the defects can be corrected. See Breaux v. Winnebago Industries, Inc., La.App., 282 So.2d 763, and authorities therein cited.
Where a buyer does not intend to relinquish his right of rescission but makes such use of the object as is practical or which the circumstances require, continued use does not constitute waiver of the right of rescission. Where a seller refuses tender, especially of a motor vehicle, if the buyer cannot make such limited use of the vehicle as his situation requires, the buyer has no recourse but foregoing his action of rescission or purchasing a second vehicle while paying for the defective vehicle, the mortgage on which in most cases is held by a holder in due course, which latter situation the average individual cannot afford. Breaux v. Winnebago Industries, above; Brown v. Mid City Motors, Inc., La.App., 248 So.2d 27. In this instance the record shows that the note on subject trailer is held by an in due course third party. The record also shows that Appellants could not afford payment of the notes in question and rent for a livable home at the same time. Under the circumstances, Appellants' use of the trailer following tender, does not constitute waiver *408 of their right to rescission. Ticheli v. Silmon, La.App., 304 So.2d 792; Dunlap v. Chrysler Motor Corp., La.App., 299 So.2d 495.
La.Civ.Code Article 2531 provides that the seller in good faith "must restore the purchase price, and reimburse reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it".
In an action of redhibition, the buyer is entitled to reimbursement of the purchase price plus finance charges, sales taxes, fees and compulsory insurance costs. Lee v. Blanchard, La.App., 264 So.2d 364.
In this instance the trial court ordered the seller to reimburse Appellants only the purchase price of $10,088.00 and denied Appellants recovery of a $100.00 cash down payment; filing fees of $29.50; compulsory insurance in the sum of $712.00; and finance charges of $7,258.50. Appellants are entitled to restitution of these amounts.
To protect the trailer from further damage from the leaking roof and windows, Appellants repaired these defects at a cost of $185.00. Appellants are entitled to recover this amount as a reasonable expenditure to preserve the trailer from further damage or deterioration. La.Civ.Code Article 2531; Busenlener v. Peck, La.App., 316 So.2d 27.
Appellants' claims for damages for mental anguish, discomfort and inconvenience endured as the result of having to live in a defective mobile home are not recoverable under the circumstances, because Appellee is not shown to have been aware of the defects prior to the sale and to have failed to declare them. La.Civ.Code Articles 2531 and 2545 expressly limit liability of a good faith seller to reimbursement of the purchase price plus reasonable expenses incurred by the buyer in preservation of the object. Appellee was not the manufacturer of subject trailer. The record contains no evidence that Appellee was aware of the defects prior to the sale. Defects of such a nature as would not be observed by an ordinary dealer without taking the vehicle apart and subjecting it to minute inspection do not subject the dealer to liability as a vendor in bad faith or one having knowledge of defects. In such cases the dealer is responsible only for return of the purchase price in addition to buyer's expenses incident to the sale. Baughman v. Quality Mobile Homes, Inc., La.App., 289 So.2d 376. The trial court properly rejected Appellants' claims for damages for mental anguish, inconvenience and discomfort.
Appellee's alternative claim for credit for the rental value of the trailer in the alleged sum of $175.00 per month during the tenure of Appellants' occupancy is based on the testimony of Appellee's General Manager, Carol Parr, who testified that a trailer similar to subject trailer would ordinarily rent for the stated sum.
Our review of the jurisprudence on this latter issue discloses some uncertainty and seeming conflict. The earlier cases disallowed the seller credit for the value of the buyer's use derived from the object of the sale. More recent authorities, however, particularly those commencing in the early 1960's, tend to allow the seller credit where the buyer has derived use value from the object of a sale. See Note, 30 La.L.R. 508; Breaux v. Winnebago Industries, Inc., above; Prince v. Paretti Pontiac Company, Inc., La., 281 So.2d 112, in which the Supreme Court recognized that credit was due a vendor for the use of an object by the purchaser but which declined to allow such recovery for failure of proof. We also note the following recent cases which have declined to allow a vendor rental credit in cases of this nature: Clark v. McBride Dodge, Inc., La.App., 289 So.2d 841; Media Production Consultants, Inc., v. Mercedes-Benz of North America, Inc., La., 264 So.2d 686; Brown v. Mid City Motors, Inc., above.
We find that any lingering doubt concerning this issue appears to have been dispelled by the enactment of Act 673 of 1974, which amended La.Civ.Code Article *409 2531 to expressly provide that the seller's liability for reimbursement should be subject to credit for the value of any fruits or use which the purchases has from (the thing purchased). It also appears that the most recent jurisprudence has consistently followed the mandate contained in La.Civ.Code Article 2531, as amended in 1974. See First National Bank of Ruston v. Miller, La.App., 329 So.2d 919; Weaver v. Fleetwood Homes of Mississippi, La.App., 327 So.2d 172; Peoples Furniture and Gift v. Carson Hicks/Friedrichs Refrigeration, Inc., La.App., 326 So.2d 919; Smith v. Max Thieme Chevrolet Company, La.App., 315 So.2d 82; Ticheli v. Silmon, above. We find that Appellee is entitled to credit for Appellants' use of the trailer since its purchase.
Notwithstanding the testimony of Appellee's General Manager that subject trailer possessed a rental value of $175.00, we deem it obvious that a motor home with the defects possessed by the subject trailer could not conceivably have brought a rental of $175.00 per month. In addition to the noted defects which would have rendered subject trailer highly undesirable as a modern home, subject trailer was not air conditioned. We find the maximum rental value in this instance would be $60.00 monthly. See Weaver v. Fleetwood Homes of Mississippi, Inc., above.
Although La.Civ.Code Article 2531 does not expressly allow a purchaser credit for the seller's use of the purchase price, we believe such an allowance proper and necessary to achieve the inherent purpose of redhibition which is to restore the parties to the same position as they were prior to the sale. This principle is supported by our earliest redhibition cases as evidenced by Farmer v. Fisk, 9 Rob. 351, and Harvey v. Kendall, 2 La.Ann. 748, as the very recent decision in Smith v. Max Thieme Chevrolet Company, above.
For a trailer priced at $10,088.00 Appellants signed a note in the sum of $16,938.00 which included certain fees, finance charges and insurance. The record does not show how much Appellee received for the note when the paper was negotiated to its present holder. We presume, therefore, Appellee was paid at least the purchase price of $10,088.00. Appellee has had the use of this sum in addition to the $100.00 down payment since approximately October 1, 1972. We find that Appellants are entitled to recover interest at the legal rate of 7% per annum on said sum from October 1, 1972, until Appellee returns said sum to Appellants.
It is ordered, adjudged and decreed: (1) that the judgment of the trial court in favor of Appellants John W. and Mildred Purvis against defendant Statewide Trailer Sales, Inc., rescinding the sale of the trailer home involved herein, be and the same is hereby affirmed; (2) that Appellants deliver custody of subject trailer to Appellee and that Appellee return to Appellants all payments made by Appellants on the note in question and also return to Appellants or hold Appellants harmless for the balance of all unpaid installments due on said note, subject to a credit of $60.00 for each month that Appellants have occupied or shall continue to occupy the trailer in question; (3) that Appellee pay Appellants interest at 7% per annum on the sum of $10,188.00 from October 1, 1972, until Appellee shall have made the reimbursement hereinabove ordered, together with legal interest on all sums awarded Appellants herein, from date of judicial demand, until paid; and (4) that Appellee Statewide Trailer Sales, Inc., pay all costs of these proceedings.
Affirmed in part, reversed in part and rendered.