426 So.2d 676 (1982)
Carolyn Rhea STOREY
v.
LAMBERT'S LIMBS & BRACES, INC., and Lloyd C. Jones.
No. 82 CA 0287.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Rehearing Denied February 17, 1983.
Writ Denied April 15, 1983.
*677 Dennis R. Whalen, Baton Rouge, for plaintiff-appellant Carolyn Sue Storey.
Charles W. Wilson, III, Baton Rouge, for defendants-appellees Lambert's Limbs & Braces, Inc. and Lloyd C. Fines.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal from a judgment rendered by the trial court in favor of plaintiff, Carolyn Rhea Storey, and against defendants, Lambert's Limbs & Braces, Inc. and Lloyd C. Jones, in solido. Plaintiff filed suit against the defendants seeking restitution of the purchase price, damages and attorney's fees for a defective foot brace. The trial judge awarded plaintiff $15,902.14 finding defendants liable both in contract (redhibition) and in tort (products liability).
Plaintiff has appealed seeking an increase in the amount of damages, contending that the trial court erred in failing to assess any damages for scarring or mental pain and anguish.
Defendants answered plaintiff's appeal assigning as error the trial court's determination that the foot brace was defective.
The trial judge adequately summarized the sequence of events leading to the filing of this suit as follows:
"Carolyn Rhea Storey suffered spinal cord damage as the result of a motorcycle accident in 1974. One of the effects of her injury is a condition known as `drop foot' in which all feelings and muscular control of the foot is lost. A supportive brace enables Ms. Storey to walk without dragging the disabled foot. The device is *678 attached at the calf and extends into her shoe where a thin piece of plastic supports her foot from underneath. In this way the foot is kept at a right angle to her leg.
Upon the advice of her orthopedic surgeon, Ms. Storey went to Lambert's Limbs and Braces for a replacement brace in 1978 when the original brace wore out. When she first tried it on, the new brace appeared to Ms. Storey to be too short and narrow although she could not tell by feeling. Mr. Lloyd C. Jones, the Lambert's employee who was assisting Ms. Storey, directed her to wear the brace anyway. She returned to Lambert's at least three times in her attempts to obtain a proper fit. Each time some adjustment was made, and Ms. Storey was told to continue wearing the brace. Eventually a decubitous ulcer developed on the outside edge of her right foot near the small toe as a result of the brace's continuous rubbing.
Dr. F.A. DeJean, another of Ms. Storey's physicians, hospitalized her for treatment of the sore. He grafted skin from the front of her right thigh to the ulcer on the right foot. The donor site soon became infected, and she had to be re-hospitalized for treatment of the complications. The second stay included four days in intensive care."
A plaintiff who is injured by a defective product which he has purchased has a cause of action for the rescission of the sale against the seller-manufacturer, and a cause of action in tort for the personal injuries suffered, and reasonable attorney's fees. Philippe v. Browning Arms Co., 395 So.2d 310 (La.1981); Rey v. Cuccia, 298 So.2d 840 (La.1974); Harris v. Bardwell, 373 So.2d 777 (La.App. 2d Cir.1979).
Under LSA-C.C. art. 2520, redhibition is defined as follows:
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
The recovery granted to a purchaser suing in redhibition is governed by LSA-C.C. arts. 2531 and 2545. When the thing sold has a redhibitory defect, the seller-manufacturer "who knew not of the vices of the thing" is only liable for the return of the price and the expenses of the sale. LSAC.C. art. 2531. However, the seller-manufacturer who knows of the vice of the thing sold and fails to warn is also answerable for damages and reasonable attorney's fees. LSA-C.C. art. 2545. Philippe v. Browning Arms Co., supra.
A manufacturer in Louisiana is presumed to know of the vices in the things he makes, whether or not he has actual knowledge of them. Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (La.1971). In the instant case, Lambert's is the manufacturer and seller of the foot brace which plaintiff alleges to be defective.
To prevail in an action for redhibition, the purchaser must establish that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient that it must be supposed that the purchaser would not have made the purchase had he known of the defects. He must also prove that the defects existed at the time of the purchase, but were neither known nor apparent to him, and that seller could not, or would not, correct the defects when given the opportunity to do so. Associates Financial Services Co. v. Ryan, 382 So.2d 215 (La.App. 3d Cir.1980); Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir.1976).
The plaintiff purchased the brace from Lambert's and returned numerous times in an effort to achieve a proper fitting. These attempts to achieve a proper fitting of the foot brace proved to be of no avail. The improperly fitted brace caused an ulcer to develop on her right foot. It is obvious that plaintiff would not have purchased the foot brace had she known of the defect in it at the time of purchase; the defect more specifically being its rubbing off the skin of the right foot.
*679 It is also clear that this defect existed at the time of the sale. The fact that the plaintiff continued to wear the brace cannot be said to be an intervening cause of the damages because she was following the express direction and instructions of Lambert's employee. Lambert's, as the manufacturer of the brace, was not only presumptively aware of its defective condition, as stated in Weber v. Fidelity & Casualty Insurance Co. of N.Y., supra, but also had actual notice of the defect through the numerous attempts to have the brace fitted properly. Therefore, Lambert's is a bad faith seller as defined in LSA-C.C. art. 2545, and thus is answerable to plaintiff for restitution of the purchase price, repayment of expenses (including attorney's fees) and damages.
The next cause of action alleged by plaintiff against Lambert's is the breach of its duty as a manufacturer to produce an item reasonably safe for its intended use. A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether purchaser or third party, who without fault, sustains injury caused by a defect in the design, fabrication or manufacture of the article, if the injury might have been reasonably foreseeable or anticipatable. Leathem v. Moore, 265 So.2d 270 (La.App. 1st Cir.1972).
In Leathem v. Moore, supra, the court made the following statement concerning a manufacturer's duty:
P. 276:
"The foregoing rule requires the manufacturer to exercise reasonable care in the design of its products which are of such nature that, if not carefully made, can cause foreseeable injury to persons using the products for purposes which the manufacturer may reasonably expect they will be employed, and also to those whom the manufacturer may reasonably expect to be endangered by such probable use. Failure to exercise such care renders the manufacturer liable if injury results from lawful use of the product in a manner and for a purpose which the manufacturer may be deemed to reasonably expect."
In response to this allegation on the part of plaintiff, Lambert's contends that plaintiff misused the brace by wearing it after the ulcer developed. The trial court found that there was no misuse of the brace on the part of the plaintiff. The continued use of the brace was done upon the advice of Lambert's employee. The trial court found that plaintiff did all she could to alleviate the problem, she followed the advice of those supposedly superior in knowledge about the use of the brace.
The evidence clearly supports the conclusion of the trial judge that the cause of plaintiff's injury was the use of the foot brace in the manner for which the seller intended.
The final cause of action asserted by the plaintiff in her petition is that Lambert's and its employee, Jones, are liable to her in damages for their negligence in failing to properly fit her with a foot brace. Plaintiff alleges that the improper fitting caused a decubitous ulcer on her right foot which required skin grafting. The donor site later became infected and caused plaintiff to be re-hospitalized for treatment of complications due to the infection.
Much like members of the medical profession, prosthetists should exercise the degree of skill "... ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality, and to use reasonable care and diligence along with his best judgment in the application of his skill to the case." Butler v. Louisiana State Board of Education, 331 So.2d 192 (La.App. 3d Cir.1976), writ refused, 334 So.2d 230. Thus, Lambert's and its employee, Jones, are subject to a very high standard of care.
In applying the above standard of care to the actions of Lambert's and Jones, the trial court correctly stated the following:
"... Those in the business of manufacturing prosthetic devices would be presumed to have a working knowledge of the malady being treated. This knowledge *680 would include an awareness that people with drop foot have no feeling in the foot. The profession's high standard of care would require an attentive, careful fitting of any brace that could possibly injure the foot without the patient feeling any pain. Lambert's [and Jones], by its failing to initially or subsequently adjust the brace for a proper fit, fell below the standard of care and breached its duty to provide skilled treatment."
We conclude that Lambert's, as manufacturer-seller is liable contractually for restitution of the purchase price, damages and expenses of the sale, including attorney's fees under LSA-C.C. art. 2545. Lambert's is also found delictually liable for the damages plaintiff has sustained as a result of Lambert's unreasonably dangerous product, the foot brace.
Plaintiff complains on appeal that the trial court made no express award for scarring which occurred as the result of procedures necessary to effect the skin graft from "both the disfiguring aspect and the emotional aspect." We agree that the trial court did not expressly set out in its formal judgment that such an award was being made. However, in his written reasons for judgment, the trial court recognized that skin grafting had occurred and stated:
"... Eventually a decubitous ulcer developed on the outside edge of her right foot near the small toe as a result of the brace's continuous rubbing .... He grafted skin from the front of her right thigh to the ulcer on the right foot. The donor site soon became infected, and she had to be re-hospitalized for treatment of the complications."
The trial court awarded damages as follows:

Purchase price of the brace $ 151.41
Medical expenses 3,250.73
Pain and suffering 10,000.00
Attorney's fees 2,500.00
Expert witness fees
Dr. F.A. DeJean 100.00
Dr. Allen Jackson 100.00

A careful examination of the entire record convinces us the totality of the award in the instant case effects substantial justice between the parties and will not be disturbed.
Lambert's as a manufacturer-seller is liable contractually for restitution of the purchase price, damages and expenses of the sale, including attorney's fees under LSAC.C. art. 2545. Both Lambert's and Jones are delictually liable for the damages sustained by plaintiff resulting from the negligent breach of the standard of care owed by prosthetists to their customers.
Although not assigned as error,[1] it is noted that the trial court erred in rendering a judgment in solido against both Lambert's and Jones as concerns attorney's fees and the purchase price of the brace. Jones is only liable delictually resulting from his negligent breach of the standard of care owed by a prosthetist to his customers. Although Lambert's and Jones are solidarily liable for the negligent fitting of the brace, Jones was not a manufacturer-seller under LSA-C.C. art. 2545 and is not liable for the purchase price of the brace or attorney's fees.
Accordingly, for the above reasons, judgment is amended to provide judgment in favor of Carolyn Rhea Storey and against Lambert's Limbs & Braces, Inc. and Lloyd C. Jones jointly and in solido in the following amounts:

Medical expenses $ 3,250.73
Pain and suffering (including
scarring) 10,000.00
Expert witness fees 200.00
 __________
Total $13,450.73

*681 The judgment is further amended to render judgment in favor of Carolyn Rhea Storey and against Lambert's Limbs & Braces, Inc. in the following amounts:

Purchase price $ 151.41
Attorney's fees 2,500.00
 __________
Total $ 2,651.41

The judgment of the trial court as above amended is affirmed. All costs of appeal are to be divided equally between the parties.
AMENDED AND AFFIRMED.
NOTES
[1] Rule 1-3, Uniform Rules, Courts of Appeal provides as follows:

"The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise."