DUFRESNE, Judge.
This is an appeal by Diane Drosdal, plaintiff-appellant, from a judgment dismissing her redhibition action for reduction of the purchase price of a used automobile which she bought from Stephen Hurstell, defendant-appellee. Because we find no error in the action of the trial court, we affirm the judgment.
The bill of sale shows that on May 20, 1985, Drosdal bought from Hurstell a used 1979 Alfa Romeo Spider, with 64,000 miles showing on the odometer, for $1,000. The parties agreed, however, that the actual price was $7,500. Although the testimony concerning the events surrounding the sale were conflicting and the trial judge made no credibility determinations on the record, the result which he reached must necessarily have been based on his giving credence to Hurstell’s version, and we proceed on that assumption here.
Hurstell testified that before the sale Drosdal had ridden in and driven the car on between twelve and twenty-five occasions. He further stated that she knew he wanted to sell the car and asked him not to sell it-to anyone but her. In discussions before and at the time of sale, he informed her of several problems with the car as follows:
1. The air conditioner made noise, and he had been told by his mechanic that he should either change it or wait until it failed and then do so;
2. That the gear shift was out of “sync”, causing a grinding of the gears if not carefully shifted from first to second gear, and that he showed her how to shift it properly.
3. That there was a leak in the braking system which required frequent checks of the brake fluid level; and
4. That the car used a lot of oil, and the oil level should be checked each time she stopped for gas.
Ms. Drosdal kept the car for over nine months during which time she drove it some 12,000 miles. She testified that during that time several repairs were required, and that these repairs show that the car had several latent defects of such seriousness as to warrant a reduction of the purchase price.
As best as can be made out from the record, the following repairs were made:
1. On June 28, 1985, she had the air conditioner replaced, along with some other minor work, which cost $465.00.
2. On August 12, 1985, the car quit running. The repairs consisted of a tune-up, for $149.50.
3. On September 12, 1985, the car was making noise. It appears that a bracket on the exhaust system had to be tightened, for $68.00 in labor and $5.00 in parts.
4. On February 14, 1986, the car was again tuned up and serviced for $173.60.
5. On February 20, 1986, the master cylinder for the brakes was changed for $307.48.
On March 1, 1986, she sold the car for $2,600. She testified that this was all she could get for it, but offered no evidence to indicate what its appraised value was at that time. The only evidence concerning the value of the vehicle was in fact Ms. Drosdal’s testimony that she had learned from the bank that financed her purchase of it that its Blue Book loan value was $6,300 at the time of purchase.
On these facts, the trial judge concluded that Ms. Drosdal had failed to prove her case by a preponderance of the evidence. No reasons for judgment appear in the record.
The plaintiff urges here that the trial court erred in ruling against her and contends that she is entitled to a reduction in the purchase price of $6,067.58, represent- *608 mg the difference between the purchase and sale prices, plus the costs of repairs. We reject this contention for the following reasons.
Article 2520 of the Civil Code defines redhibition as follows:
Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
However, Article 2521 provides that apparent defects which are discoverable by simple inspection are not redhibitory vices, and, Article 2522 states that even latent defects will not give rise to the redhibitory action when they have been declared by the seller. It is presumed that a latent defect which appears within three days of the sale, pre-existed the sale, but otherwise the buyer bears the burden of proving as to used automobiles, it has also been held that the same warranties of fitness do not apply to old and new cars alike, and that the purpose for which one buys a used car is for transportation. Guillory v. Morein Motor Co., Inc., 322 So.2d 375 (La.App. 3rd Cir.1975).
In the present case, the major repairs made to the car by Ms. Drosal were replacement of the air conditioner and the master brake cylinder. Taking Hurstell’s testimony as true, Ms. Drosdal was informed at the time of sale that the air conditioner was not in proper working order, made noise, and should probably be changed. This information was sufficient to place the purchaser on notice that the air conditioner was defective, and thus the action for redhibition does not lie on account of this disclosed defect, La.Civ.Code, art. 2522. Similarly, Hurstell told Drosdal that there was a leak in the brake system and that she should check the fluid regularly. Although no specific mention was made of a possible problem with the master cylinder at the sale, that part nonetheless functioned for 12,000 miles after purchase before failing. Thus, even if it could be said that the warnings about the brakes did not adequately specify a possible defect in the cylinder, the fact that it functioned for 12,000 miles belies the assertion that this defect, if it existed at the time of sale was such as to render the car useless or so inconvenient and imperfect as to give rise to a redhibition action.
Drosdal also elicited testimony from Joe Wietzel, a mechanic who inspected the car a month after the sale and concluded that it needed $4,000 in repairs. On cross-examination, Wietzel stated that his estimate was based on what it would cost to put the car in “like-new” condition. He also admitted that a number of items listed as in need of repair were speculative and could not be confirmed without taking the car and engine apart, such as a valve job, repairs to the suspension system, and possible flywheel damage. Also included in this estimate were significant costs for a new air conditioner, transmission overhaul (because of grinding in the gears), and replacing the engine seals to stop loss of oil, all. of which problems had been discussed at the time of sale and disclosed to the buyer. The record further shows that the majority of the problems on Wietzel’s list were never corrected by Drosdal while she had the car, and that in spite of these alleged defects she was able to drive the car an average of over 1,300 miles per month. During the 9 months that she had the vehicle it was in the shop five times. However, two occasions were to correct revealed defects in the air conditioner and brakes, one occasion was apparently for work on a loose bracket rather than to correct a pre-sale defect, and the last two occasions were for tune-ups.
In the circumstances, we find no manifest error in the trial judge’s conclusion that the car possessed no undisclosed defects at the time of sale which rendered completely useless for transportation, or so inconvenient and imperfect for this use as to suppose that Drosdal would not have purchased it had she known of the problems. We therefore affirm that judgment.
AFFIRMED.