| | | |
|---|---|---|
| **J. PETER LABORDE, JR.** | * | **NO. 2019-CA-0634** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **PIA LYONS LABORDE** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2005-08590, DIVISION "H-12"
Honorable Monique E. Barial, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *
(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Dale N. Atkins)

PHILLIP A. WITTMAN
BROOKE C. TIGCHELAAR
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
     COUNSEL FOR PLAINTIFF/APPELLEE

MARC D. WINSBERG
ELISABETH L. BAER
JOHATHAN D. GAMBLE
WINSBERG & ARNOLD, LLC
650 Poydras Street, Suite 2050
New Orleans, Louisiana 70130
     COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**

**MAY 6, 2020**

In this community property partition case, the defendant/appellant, Pia Laborde, appeals the trial court's denial of her rule for contempt against the plaintiff/appellee, J. Peter Laborde, Jr. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Mr. Laborde filed a petition for divorce against his former wife on September 27, 2005. A judgment of divorce was entered on February 1, 2006. The parties entered into a consent judgment on January 5, 2011, in which Mr. Laborde agreed to make specific payments to Ms. Laborde on a set schedule beginning on or before March 31, 2011. Mr. Laborde also agreed, beginning March 31, 2011, to pay Ms. Laborde the sum of $12,000.00 per month for twenty (20) years, ending with the last monthly payment in February of 2031. Mr. Laborde agreed to make these payments in consideration of his receipt of the full ownership of all community assets and assumption of all community liabilities.

On July 26, 2016, Ms. Laborde filed a motion for contempt because of Mr. Laborde's alleged failure to pay the final installment of the January 5, 2011

settlement agreement. The court, on July 26, 2016, denied Ms. Laborde's contempt motion as premature. On January 22, 2018, Ms. Laborde filed a petition to make the settlement amounts in the January 5, 2011 consent judgment executory; a joint motion and order to authorize the deduction of wages; and a motion for a charging order. On February 9, 2011, the court granted the order to make the judgment executory, including the issuance of a writ of *fieri facias* to seize Mr. Laborde's home and other assets. Simultaneously, the court also granted the order to deduct wages and the charging order.

On February 26, 2018, Mr. Laborde filed motions to vacate the previous orders issued by the court on February 9, 2018. The parties consented to an agreement regarding these matters on June 12, 2018. However, on August 14, 2018, a notice of seizure was issued, which noticed a sheriff's sale of Mr. Laborde's home on October 18, 2018. On August 15, 2018, Mr. Laborde filed a petition to prohibit the sale of his home.

In an effort to bring the litigation to an end, the parties entered into a new consent judgment on October 8, 2018. Pursuant to this agreement, Mr. Laborde was to pay to Ms. Laborde $926,294.00 in satisfaction of all amounts owed to her through September 30, 2018. The ongoing $12,000.00 monthly payments owed by Mr. Laborde pursuant to the January 5, 2011 consent judgment were to resume on October 1, 2018. Mr. Laborde was also to advance an additional $30,000.00 to Ms. Laborde to cover any sheriff's fees and costs associated with the seizure of any bank accounts, the garnishment of his wages, and the seizure of his home. Ms.

2

Laborde was to immediately return to Mr. Laborde any unused portion of the $30,000.00 advance. Ms. Laborde was also to release immediately all seizures, holds, writs, and garnishments that related to Mr. Laborde. The parties further agreed to vacate the three consent judgments reached on June 12, 2018 and the writ of *fieri facias* granted on February 9, 2018. Finally, Mr. Laborde's petition to prohibit the sale of his home was also dismissed.

On November 28, 2018, Ms. Laborde filed a supplemental and amended rule for contempt due to Mr. Laborde's alleged failure to timely make the November 1, 2018 payment in violation of the October 8, 2018 consent judgment, and for all attorney's fees and court costs incurred in collecting the payments. The matter came before the trial court on February 21, 2019, at which time the trial court took the matter under advisement to review the record. After considering the law, the evidence, and the record, the trial court, on March 29, 2019, denied Ms. Laborde's motion for contempt. The trial court also denied Ms. Laborde's request for attorney's fees and costs. It is from this judgment that Ms. Laborde now appeals.

**DISCUSSION**

On appeal, Ms. Laborde raises the following assignment of error: the trial court erred in denying Ms. Laborde's amended rule for contempt and her request for attorney's fees and court costs incurred in collecting the amount owed to her under the 2011 judgment.

The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order and the court's decision

3

should be reversed only when the appellate court discerns an abuse of that discretion. *State, through Dep't. of Children & Family Servs., Child Support Enforcement v. Knapp*, 2016-0979, p. 14 (La.App. 4 Cir. 4/12/17), 216 So.3d 130, 140. "The decision to hold a party in contempt of court for disobeying the court's orders is within the trial court's great discretion. Only if the appellate court finds an abuse of that discretion will a trial court's contempt ruling be reversed." *Schmidt v. Schmidt*, 2018-0202, p. 6 (La.App. 1 Cir. 1/3/19), 270 So.3d 804, 809 citing *Leger v. Leger*, 2000-0505, p. 3 (La.App. 1 Cir. 5/11/01), 808 So.2d 632, 635.

The October 8, 2018 consent judgment resolved all claims between the parties that arose prior to September 30, 2018. Mr. Laborde agreed to pay Ms. Laborde $150,000.00 in excess of the $776,000 judgment that she had previously sought to execute via a writ of *fieri facias* (for a total of $926,294.00), and also agreed to dismiss his own action against Ms. Laborde for the wrongful seizure of his property in exchange for an amicable resolution of this prolonged dispute. Following the entry of the final consent judgment on October 8, 2018, Ms. Laborde filed a motion seeking attorney's fees and costs allegedly incurred prior to the consent judgment.

Under Louisiana law, each party must pay its own attorney's fees unless there is a statute or a contract compelling the loser to pay the other side's attorney's fees. *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 763 (La. 1985). As such, "attorney's fees are not assessable as an item of damages

unless clearly provided for by statute or contract." *Kiefer v. Bernie Dumas Buick Co., Inc.*, 210 So.2d 569, 571 (La.App. 4th Cir. 1968). The only statutory basis from which Ms. Laborde could seek attorney's fees would stem from the contempt articles of the Louisiana Code of Civil Procedure.[1]

The district court found that the consent judgment was "an enforceable compromise agreement with the mutual intention of putting an end to the litigation" and that Ms. Laborde was not entitled to an award of additional attorney's fees. Because there was no basis for her request, the district court correctly refused to hold Mr. Laborde in contempt or require him to pay any attorney's fees. Likewise, Ms. Laborde has no legal basis to ask this Court to reverse the district court's denial of her request for contempt against Mr. Laborde for attorney's fees on top of the amount that she has already been paid in full satisfaction of the consent judgment. Accordingly, we find no error in the trial court's refusal to find Mr. Laborde in contempt or award Ms. Laborde's attorney's fees.

**CONCLUSION**

For the above and foregoing reasons, we affirm the judgment of the trial court.

**AFFIRMED**

---

[1] La. C.C.P. arts. 221-227.

5